[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10882
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

Agency No. A099-930-959

MEI XIANG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 26, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Mei Xiang Chen seeks review of the Board of Immigration Appeals's ("BIA")

final order affirming the Immigration Judge's ("IJ") denial of her application for

asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Chen argues that the BIA erred in denying her asylum relief because she established a well-founded fear that she would be forcibly sterilized, punished, or harassed for violating China's one-child policy, and because the BIA failed to consider all of the evidence on the record. After careful review, we deny the petition.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA issued its own decision without expressly adopting portions of the IJ's opinion, we will only review the BIA's decision.

The BIA must consider all evidence introduced by the applicant. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). However, the BIA is not required to specifically address each piece of evidence if the BIA has given reasoned consideration to the petition and made adequate findings. Id. The BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id.

2

(quotation omitted). We may not weigh evidence that was not previously considered below. Al Najjar, 257 F.3d at 1278.

We review administrative factual determinations regarding eligibility for asylum under the highly deferential substantial-evidence standard and must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence. Id. at 1283-84. We will reverse a finding of fact made by the BIA only where the record compels reversal, not where it merely supports a contrary conclusion. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Accordingly, Chen must show that the evidence she presented was such that a reasonable factfinder would have to conclude that the requisite likelihood of persecution existed. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

An alien who is present in the United States may apply for asylum, which the Attorney General has discretion to grant if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(a)(1), (b)(1)(A). A "refugee" is defined as:

> [A]ny person who is outside any country of such person's nationality . . . who is unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

3

8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status and thereby establishing asylum eligibility." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005).

To establish asylum eligibility, an alien must establish past persecution or a well-founded fear of future persecution on account of a protected ground. Id.; 8 C.F.R. § 208.13(a), (b). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (quotation omitted). To show a well-founded fear of persecution, an alien "must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. The applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" on account of a protected ground. Id. at 1287 (quotation and emphasis omitted). After establishing a well-founded fear of persecution, the alien must establish that the persecution cannot be avoided by relocating within the subject country. Sepulveda, 401 F.3d at 1231; 8 C.F.R. § 208.13(b)(2)(ii).

"A person who . . . gives birth to two or more children in China may qualify as a refugee if . . . she establishes that the births are a violation of family planning policies that would be punished by local officials in a way that would give rise to a well-founded fear of persecution." In re J-H-S-, 24 I. & N. Dec. 196, 196 (BIA

4

2007). However, absent a pattern of persecution tied to the applicant personally, harm to an applicant's family members does not establish a risk of future persecution to the applicant herself. In re A-K-, 24 I. & N. Dec. 275, 278 (BIA 2007).

First, substantial evidence supports the BIA's conclusion that Chen failed to demonstrate eligibility for asylum due to her failure to establish either past persecution or a well-founded fear of future persecution. Chen's only evidence of past persecution was her testimony regarding her mother's and sister's experiences after violating family-planning policies in China, and a document and letter from Chen's mother that indicated that Chen's mother had been sterilized and fined 5,000 RMB after giving birth to Chen. However, Chen has waived any challenge to the IJ's determination that her testimony was not credible, and, as the BIA noted, the documentary evidence of Chen's mother's sterilization was inconsistent with Chen's testimony regarding the date of her mother's sterilization and the gender of her mother's other children. In addition, the alleged harm to Chen's family members was not sufficient to establish a risk of future persecution to Chen herself because Chen did not allege any pattern of persecution tied to herself personally. See In re A-K-, 24 I. & N. Dec. at 278.

Moreover, while Chen asserted that she feared economic consequences for violating family-planning policies, she did not provide evidence to establish that such consequences would amount to persecution, particularly in light of the fact that she previously was able to pay $60,000 in order to smuggle herself out of China. Further, the Country Conditions Profile, as well as other documentary evidence from the Fujian Province Population and Family Planning Commission, indicated that forced sterilization and birth control was no longer practiced in Fujian province, and that foreign-born children of Chinese nationals would not be counted when enforcing family-planning policies. Accordingly, Chen has not shown that the evidence she presented was such that a reasonable factfinder would have to conclude that the requisite likelihood of persecution existed. See Elias-Zacarias, 502 U.S. at 481.

Nor has Chen shown that the BIA failed to consider record evidence in affirming the IJ's denial of relief. As an initial matter, we may not consider the article Chen cites from "CNSNEWS.com" because that article was not previously presented and considered below. Al Najjar, 257 F.3d at 1278. And, while Chen notes that the IJ had indicated that the government would need to update the 2007 Country Report, she neglects to mention that the government did, in fact, submit an updated report, and she has not provided any more recent contradictory evidence of family-planning policies in Fujian province. As the government correctly notes, the Chuanshi Village

6

regulations would not apply to Chen because she is from Fuzhou City. Finally, the BIA was not required to specifically address each piece of evidence that Chen presented, and it cited record evidence and made adequate findings in concluding that Chen had failed to establish a well-founded fear of future persecution on account of a protected ground. See Tan, 446 F.3d at 1374. As a result, the record does not support Chen's contention that the BIA failed to consider record evidence in affirming the IJ's denial of relief.[1]

**PETITION DENIED.**

---

[1] In addition, Chen has waived any challenge to the BIA's denial of withholding of removal or CAT relief by failing to raise the issue in her opening brief. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 n.6 (11th Cir. 2006). Although the BIA sua sponte addressed the issue, Chen has also waived any challenge to the IJ's adverse credibility determination by failing to exhaust her administrative remedies by raising such a challenge before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).